THOMPSON et al. v. SCHENECTADY RY. CO. et al.

(Circuit Court of Appeals, Second Circuit. April 5, 1904.)

No. 167.

1. JUDGMENT—CONCLUSIVENESS—PARTIES.

Where whatever rights complainants acquired in the property of a street railway company were acquired after a foreclosure decree had been entered, but before the decree had been executed by a sale of the mortgaged property, under an agreement between complainants and the street railway company's receiver, and complainants were not parties to the foreclosure proceeding, they were not bound by the decree therein.

2. STREET RAILWAYS—FRANCHISE—SURRENDER—CONSENT OF STATE.

Where the consent of the state was not obtained to a contract between complainants and the receiver of a street railway company and a city, by which the railway company was permitted to permanently discontinue its railway on a certain street, such contract was void as against public policy, the right to operate the same being a franchise granted by the state on considerations of public welfare.

Appeal from the Circuit Court of the United States for the Northern District of New York.

See 119 Fed. 634; 124 Fed. 274.

Marcus T. Hun, for railway company.

A. H. Van Brunt, for trust company.

Edward W. Paige, for appellees.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

WALLACE, Circuit Judge. This is an appeal from a decree for the complainants, and presents the question whether, upon the conceded facts, as appearing by the bill of complaint, the complainant was entitled to relief. The bill is one in the nature of a bill of review to revise a decree of the United States Circuit Court for the Northern District of New York in an action brought by the Central Trust Company against the Schenectady Street Railway Company for the foreclosure of a mortgage made by the railway company. The decree was entered September 1, 1894. Included in the property covered by the mortgage was that part of the railroad of the mortgagor which had been constructed along Washington avenue, in the city of Schenectady, and this part of the railroad was included in the property decreed to be sold, and was sold under the decree January 12, 1895, to Kobbe and others. The sale was confirmed, and a conveyance made to the purchasers February 8, 1895. The complainants are property owners upon Washington avenue, who seek to restrain the Schenectady Railway Company, a corporation, which acquired the mortgaged premises February 17, 1895, from operating its road upon a portion of that street. They assert by their bill that during the pendency of the foreclosure action the receiver in the action, appointed by the court, was in possession of the mortgaged property, and joined with certain property owners upon Washington avenue, including some of the present complainants, in a petition to the common council of

131 F.—37

the city of Schenectady asking that body to consent and authorize the mortgagor to discontinue permanently the running of its cars upon said street and to remove its track, and that October 2, 1894, the common council adopted a consenting resolution.

The specific relief prayed for by the bill is that the foreclosure decree be revised so as to omit the Washington avenue property from the property therein, and so as to provide that the agreement between the receiver and the Washington avenue property owners and the city of Schenectady be approved by the court, and be binding upon all the parties to the action; and that the defendants be permanently enjoined from doing any act in the construction or operation of any sort of a railroad upon any part of the street.

Whether the matters set forth in the bill make a case which, assuming it to be one entitling the complainants to relief in equity, can be appropriately presented by a bill or a supplemental bill in the nature of a bill of review, or which can be presented only by an original bill, we need not decide. The original suit decided nothing which could prejudice the complainants. They were not parties, and could not be affected by any decree. Whatever rights they acquired in the mortgaged premises were acquired after the decree had been entered, but before the decree had been executed by a sale of the mortgaged premises by an agreement made with the receiver. Doubtless they could have applied to the court for an approval of that agreement and a modification of the decree recognizing and giving effect to it. The requisite diversity of citizenship to maintain an original bill in this court does not exist between the parties. We think the facts did not afford any ground of relief, whether by a bill of review, or one in the nature of such a bill. The relief which they seek to obtain is the enforcement of an agreement which they assert was constituted by the action of the receiver, the property owners, and the common council of Schenectady, and by which they claim that the parties to the foreclosure action and their successors in title to the mortgaged premises are bound to an abandonment of the right to operate a railroad upon part of the street; and they urge that the court can now approve the action of the receiver and ratify the agreement with the same effect as though an application had been made and granted in the foreclosure suit. To do this would be, in effect, to decide that the court, whose officer the receiver was, would have approved the agreement if an application had been made to it, or ought to have approved it had an application been made. The approval of a receiver's contract rests in the sound discretion of the court. It will not be granted merely because the agreement is for the interests of the immediate parties to the suit, and is often determined upon consideration of the interests of those who are not parties, or of the public. It is apparent, from the facts disclosed by the bill, that the so-called agreement was made in the supposed interests of the receiver and the parties to the foreclosure action, and in order to lift the burden of maintaining an unprofitable part of the railroad. It does not appear by the bill that the receiver obtained the consent of the Railroad Commissioners or of the state to the agreement, and the argument for the complainants concedes that such consent was not

obtained. The right to construct and operate a street railway is a franchise granted by the state upon considerations of the public welfare; and any contract which disables the corporation from performing its functions without the consent of the state, and made to relieve the corporation of the burden which it has assumed, is void as against public policy. That consideration alone would have justified and compelled the court in the foreclosure suit to withhold its sanction to the agreement. It presents an insuperable objection to the making of any new decree which would now sanction the agreement. The very recent decision of the highest court of the state in actions between some of the present parties is authoritative to the effect that the attempted abandonment was a nullity because against public policy. Thompson v. Schenectady Railway Company (N. Y.) 70 N. E. 213. The court say:

"Within the principle of the cases cited, it is obvious that the public has an interest in that portion of the Schenectady Railway which was constructed in Washington avenue, which could not be destroyed or abandoned without the consent of the state."

The authorities cited in the opinion in that case abundantly prove the proposition decided, and no further reference to them is necessary. If the decision had been rendered before the decision in the present case, and brought to the attention of the learned judge of the court below, doubtless he would have dismissed the bill.

The decree is reversed, with costs, and with instructions to the court below to dismiss the bill.